22-2889
*Schafer v. Direct Energy Services, LLC*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-three.

PRESENT:
> **JOSÉ A. CABRANES,**
> **ROBERT D. SACK**
> **MYRNA PÉREZ,**
> > *Circuit Judges.*

---

**Richard Schafer,**

> *Plaintiff-Appellant*,

**James Brietfeller, William Underwood,**

> *Plaintiffs*,

> v.                                                              **22-2889**

**Direct Energy Services, LLC,**

> *Defendant-Appellee*.

---

**FOR PLAINTIFF-APPELLANT:**    MICHAEL J. ASCHENBRENER (Scott A. Kamber, *on the brief*), KamberLaw, LLC, Denver, CO.

**FOR DEFENDANT-APPELLEE:**    DIANE S. WIZIG, (Michael D. Matthews, Jr., McDowell Hetherington LLP, Houston, TX; James M. Chambers, McDowell Hetherington LLP, Arlington, TX, *on the brief*), McDowell Hetherington LLP, Houston, TX.

Appeal from a judgment of the United States District Court for the Western District of New York (Frank P. Geraci, Jr., *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the request to certify questions of law to the New York Court of Appeals is **DENIED** and the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Richard Schafer ("Schafer") requests certification pursuant to Second Circuit Local Rule 27.2. In the alternative, he appeals—pursuant to 28 U.S.C. § 1291—a portion of the district court's judgment, entered on October 5, 2022, granting Defendant-Appellee Direct Energy Services, LLC's ("Direct Energy") motion for summary judgment under Federal Rule of Civil Procedure 56. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## BACKGROUND

In a separate action, *Forte v. Direct Energy Services, LLC*, No. 22-201, 2023 WL 382681 (2d Cir. Jan. 25, 2023), a panel of this Court ruled in a non-precedential summary order that Schafer and others' electricity service contracts with Direct Energy "clearly and conspicuously" explained that the rates for electricity services were variable, and thus complied with New York

General Business Law § 349-d(7).[1]  2023 WL 382681, at *2–3.  Schafer filed the instant action in the Western District of New York challenging his natural gas contracts with Direct Energy on the ground that the variable rates were not "clearly and conspicuously" disclosed.  The district court granted summary judgment in favor of Direct Energy, concluding that there was no genuine issue of material fact that: (1) the contract materials for Schafer's natural gas services clearly and conspicuously disclosed the variable rates; and (2) Schafer would be unable to prove causation because he failed to submit evidence that he read or reviewed the contract materials.[2]

**DISCUSSION**

On appeal, Schafer does not challenge the district court's judgment as to whether the natural gas contract materials were clear and conspicuous.  Instead, he asks us to certify to the New York Court of Appeals two main questions[3]: (1) "What is the proper standard under New York law to determine whether the statutory prescription of a 'clear and conspicuous' identification . . . is satisfied?"; and (2) "To prove a violation of Section 394-d, which declares offending contracts to be void, must a plaintiff still affirmatively demonstrate that they reviewed the contract in question in order to show that they were 'injured by reason of' the illegal conduct?"  Appellant's Br. at 3.  We decline to certify Schafer's questions.

---

[1] Schafer intervened in an action in the Northern District of New York to pursue a claim against Direct Energy related to his electricity contract.

[2] In the Western District action, Schafer contested a natural gas contract renewal form, which was sent to him before his original contract expired.  In the Northern District action, and consequently in the appeal, Schafer does not appear to have challenged the electricity contact renewal form.  Regardless, Schafer fails to explain why the natural gas contract renewal form is relevant if the original natural gas contract clearly and conspicuously explained the variable rates.

[3] Schafer also asks the Court to certify additional ancillary questions that depend on the answers to the two main questions.  Because we decline to certify the two main questions, discussion of the ancillary questions is unwarranted.

"When asked to decide questions of state law, in the absence of authoritative law from the state's highest court, we must either (1) predict how the state's highest court would resolve the state law question, or, if state law is so uncertain that we can make no reasonable prediction, (2) certify the question to the state's highest court for a definitive resolution." *RSD Leasing, Inc. v. Navistar Int'l Corp.*, 81 F.4th 153, 169 (2d Cir. 2023) (brackets, internal quotation marks, and citation omitted). Here, this Court has already "predict[ed] how the [New York Court of Appeals] would resolve" Schafer's first question, *see id.*, when it concluded that, using the standard proffered by Schafer, the variable rates in Schafer's electricity contract were clear and conspicuous, *Forte*, 2023 WL 382681, at *2–3. Such a ruling is dispositive on the question presented because the electricity contract is virtually identical to the natural gas contract.[4] Because this Court has already made a reasonable prediction as to how the state's highest court would rule on Schafer's electricity contract—which is substantively identical to his natural gas contract—certification is unwarranted.[5]

Certification is also inappropriate as to Schafer's second question because that question is necessarily non-determinative of Schafer's claim considering our refusal to certify his first question. *See O'Mara v. Town of Wappinger*, 485 F.3d 693, 698 (2d Cir. 2007) ("[W]e may certify a question to the Court of Appeals when a question of New York law is 'determinative' of a claim before us . . . ." (citation omitted)). In other words, because Schafer's first question has

---

[4] The electricity and natural gas contracts only differ as to the length of the contracts and the unit measurements of the commodities.

[5] Similarly, because this Court has made a reasonable prediction as to Schafer's electricity contract, which is substantially identical to his natural gas contract, certification as to questions relating to the natural gas contract renewal form is also unwarranted.

4

been answered and because he failed to appeal the district court's judgment as to whether the variable rates in his natural gas contract were clear and conspicuous, an essential element of his claim cannot be satisfied. Similarly, his challenge to the district court's judgment as to the issue of causation is futile because even if we concluded that the district court erred, Schafer does not challenge the judgment as to the "clear and conspicuous" issue. His claim therefore fails. In any event, even if we conducted a de novo review of the causation issue, Schafer failed to create a genuine issue of material fact as to whether he read the natural gas contract because he offered no such evidence at the summary judgment stage. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ("[T]here can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." (internal quotation marks and citation omitted)).

\* \* \*

Accordingly, we **DENY** the request for certification and **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5